

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,230-01

### EX PARTE RAYNOL JIMENEZ, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 4766A IN THE 110TH DISTRICT COURT FROM FLOYD COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to aggravated assault of a family member in exchange for a sentence of fourteen years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because his trial counsel failed to advise him that he was eligible for community supervision from a jury. Applicant alleges that he had a favorable psychological evaluation and risk assessment, and that there were numerous witnesses who would have testified favorably about his character. Although the transcript of the plea proceedings shows that Applicant was advised of his options for disposing of the charges, and that he

acknowledged his understanding of the consequences of the plea, the record does not show whether Applicant was specifically advised about the availability of community supervision from a jury.

Applicant has alleged facts that, if true, might entitle him to relief. *Brady v. United States*, 397 U.S. 742 (1970). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. Specifically, trial counsel shall state whether he advised Applicant of the availability of community supervision from a jury, and of the likelihood of obtaining community supervision from a jury. Trial counsel shall state what advice, if any, he gave to Applicant with regard to whether he should plead guilty pursuant to the plea agreement, or elect a jury trial or a bench trial.

In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and whether but for counsel's alleged errors, Applicant would not have pleaded guilty but would have insisted on going to trial on the charges. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things,

affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: November 10, 2021
Do not publish